**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARISCO, *et al.*,<br><br>　　　　　Defendants. | No. 1:22-cv-01266-JLT-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 19) |

　　　　Marquise DeAngelo Loftis is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The assigned magistrate judge screened Plaintiff's first amended complaint and found it stated the following cognizable claims: (1) excessive force/failure to protect against Defendants Rosales, Tienda, and Diaz in violation of the Eighth Amendment (claim 2); (2) excessive force against Defendants Tienda and Diaz in violation of the Eighth Amendment (claim 5); (3) failure to intervene against Defendant Navarro in violation of the Eighth Amendment (claim 5); and (4) retaliation against Defendant Navarro in violation of the First Amendment (claim 6). (Doc. 19.) The magistrate judge further recommended that all other claims be dismissed based on Plaintiff's failure to state cognizable claims upon which relief may be granted and/or improper joinder. (*Id.*) Plaintiff filed objections. (Doc 20.)

　　　　According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds

1

the findings and recommendations to be supported by the record and by proper analysis in part, but departs from the findings and recommendations in one respect.

In his objections, Plaintiff disagrees with the finding that many of his claims are improperly joined to this action. Plaintiff argues primarily that because all but one of the claims arise under the Eighth Amendment, involve nearly all the same defendants, and occurred during a series of transactions/occurrences, they are properly joined. This objection is unpersuasive. The fact that a claim for deliberate indifference to serious medical needs and one for excessive force or failure to protect both arise under the Eighth Amendment does not mean they share a common question of law. Similarly, the fact that events giving rise to Plaintiff's claim against one defendant for ignoring Plaintiff's requests for medical care for his suicidal intentions took place immediately before events that gave rise to a separate claim for excessive force associated with handcuffing does not mean the two claims have common questions of fact. The magistrate judge correctly dismissed the numerous improperly joined claims. Plaintiff is advised that he may attempt to file the improperly joined claims in separate case(s).[1]

Plaintiff also objects to the recommended dismissal of Sanchez and Navarro from Plaintiff's claim that his rights were violated when he was restrained using a "triangle" — a device "shaped like a triangle at the base and at the top there is a 2-foot linked chain that connects to handcuffs" which is "typically used on combative and resistive inmates." (*See* Doc. 19 at 12-13 (quoting Doc. 14 at 6).) Plaintiff's allegations appear to indicate that his hands and arms were chained to a cage with this device at an elevated position. (Doc. 14 at 6.) Plaintiff alleges that this caused him "excruciating pain." (*Id*.)

As to Sanchez, Plaintiff does not contest that Sanchez said she would have a subordinate (Navarro) remove Plaintiff from the chains. Rather, Plaintiff objects to the magistrate judge's finding that this conduct fails to amount to deliberate indifference. The undersigned agrees with the magistrate judge on this point. Standing alone, *agreeing* to remove the chains is the *opposite* of deliberate indifference.

---

[1] The Court declines to address the viability of any of the improperly joined claims.

As to Navarro, the findings and recommendations concluded that Plaintiff failed to state a claim against Navarro. Though Plaintiff told Navarro he was in pain from being chained to the cage, Plaintiff did not allege that he informed Navarro of this fact, or that Navarro was otherwise aware of the amount of time he had been chained. (Doc. 19 at 13.) Though the length of time a prisoner remains in restraints is relevant, it is not necessarily dispositive. In those cases in which tight handcuffing (and by analogy the use of other forms of restraint) has been found to constitute unreasonable force, "factors in addition to the tight handcuffing were shown, including other forms of abusive conduct in conjunction with the handcuffing (such as physical violence) and/or the plaintiff's visible pain or complaints of pain, advice to the defendant of pre-existing injuries, and/or request(s) that the defendant remove or loosen the handcuff[s]." *Taylor v. Cesarez*, No. 5:09-CV-00240-CJC (SK), 2018 WL 6136154, at *6 (C.D. Cal. June 2018); *see also Leon v. Celaya*, No. 20-CV-00899-AJB-BGS, 2022 WL 1308123, at *9 (S.D. Cal. May 2, 2022), report and recommendation adopted, No. 20-CV-899-AJB-BGS, 2022 WL 3700560 (S.D. Cal. Aug. 8, 2022) ("In general, in cases where tight handcuffing was found to constitute excessive force, the plaintiff was in visible pain, repeatedly asked the defendant to remove or loosen the handcuffs, had pre-existing injuries known to the defendant, or alleged other forms of abusive conduct by the defendant.").

The complaint alleges that Navarro came to the holding cage area and spoke with Plaintiff. (Doc. 14 at 12.) Plaintiff "was still crying and in clear distress" and reported to Navarro that the chaining was "causing him severe pain," but Navarro refused to remove the triangle device. (*Id*.) For purposes of screening, this allegation is sufficient to allow the claim to proceed against Navarro.[2]

---

[2] There is authority suggesting that an inmate must complain of tight handcuffing multiple times for that handcuffing to constitute deliberate indifference and/or excessive force. *See, e.g., Van Sickle v. Jones*, No. CV 12-1626-JAK (JPR), 2012 WL 13226594, at *2 (C.D. Cal. Nov. 14, 2012), report and recommendation adopted sub nom. *Sickle v. Jones*, No. CV 12-1626-JAK (JPR), 2012 WL 13226595 (C.D. Cal. Dec. 27, 2012) ("An officer's refusal to remove tight handcuffs from a prisoner's wrists may constitute excessive force when the prisoner's repeated pleas to loosen the cuffs were ignored and the cuffs caused severe pain or lasting injury to the prisoner.") However, other cases suggest this is not the only pathway to a viable claim. *See Johnson v. Frauenheim*, No. 1:18-CV-01477-AWI-BAM (PC), 2021 WL 5236498, at *8 (E.D. Cal. Nov. 10, 2021), report and recommendation adopted, No. 118CV01477AWIBAMPC, 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021) ("Plaintiff has not alleged that he asked Defendant Deshazo more than once to loosen the handcuffs or that Defendant Deshazo *otherwise knew that the handcuffs were too tight and were causing Plaintiff to suffer severe pain*") (emphasis added). As appropriate, the

The Court further finds that Plaintiff's remaining objections are without merit and that further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that "the court usually provides only one opportunity to amend"). Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 12, 2023, (Doc. 19), are **ADOPTED IN PART**.
2. This action shall proceed on Plaintiff's first amended complaint, filed April 20, 2023, (Doc. 14), against:
    a. Defendants Rosales, Tienda, Diaz, and Navarro for excessive force/failure to protect in violation of the Eighth Amendment (claim 2, for duration and use of triangle in cuffing);
    b. Defendants Tienda and Diaz for excessive force in violation of the Eighth Amendment (claim 5, for jacking handcuffs upwards);
    c. Defendant Navarro for failure to intervene in violation of the Eighth Amendment (claim 5); and
    d. Defendant Navarro for retaliation in violation of the First Amendment (claim 6).
3. All other claims and defendants are **DISMISSED** from this action for failure to state cognizable claims upon which relief may be granted and/or as improperly joined.
4. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **August 23, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

Court will entertain briefing on this legal issue when appropriate later in the case.