1

2

3 # UNITED STATES DISTRICT COURT

4 ## EASTERN DISTRICT OF CALIFORNIA

5

6 | MARQUISE DEANGELO LOFTIS, | Case No.  1:22-cv-01266-BAM (PC) |

7 Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO

8 v. | RESPOND TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF

9 ARISCO, *et al.*, | DOCUMENTS (ECF No. 41)

10 Defendants. |

11 | ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY

12 | SCHEDULING ORDER TO EXTEND DEADLINE TO FILE PRE-TRIAL EXHAUSTION MOTION

13 | (ECF No. 42)

14 | Discovery Response Deadline: **August 5, 2024**
   Exhaustion Motion Deadline: **August 30, 2024**

15

16 ## I.      Introduction

17        Plaintiff Marquise DeAngelo Loftis ("Plaintiff") is a state prisoner proceeding *pro se* in

18 this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first

19 amended complaint against: (1) Defendants Rosales Murillo,[1] Tienda, Diaz, and Navarro

20 (collectively, "Defendants") for excessive force/failure to protect in violation of the Eighth

21 Amendment (claim 2, for duration and use of triangle in cuffing); (2) Defendants Tienda and Diaz

22 for excessive force in violation of the Eighth Amendment (claim 5, for jacking handcuffs

23 upwards); (3) Defendant Navarro for failure to intervene in violation of the Eighth Amendment

24 (claim 5); and (4) Defendant Navarro for retaliation in violation of the First Amendment (claim

25 6).  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 38.)

26        Pursuant to the Court's March 1, 2024 Discovery and Scheduling Order, the deadline for

27 filing motions for summary judgment for failure to exhaust administrative remedies is July 1,

28 ---
[1] Erroneously sued as "Rosales."

1

1    2024, and the deadline for completion of all discovery is November 1, 2024.  (ECF No. 34.)

2    Defendants were previously granted an extension of time until July 5, 2024 to serve responses to

3    Plaintiff's First Set of Requests for Production of Documents.  (ECF No. 40.)

4    **II.      Defendants' Second Request for Extension of Time to Respond to Discovery**

5          Currently before the Court is Defendants' second request for extension of time to respond

6    to Plaintiff's First Set of Requests for Production of Documents, filed June 28, 2024.  (ECF No.

7    41.)  Defense counsel states that he has been diligently working with CDCR's litigation

8    coordinator to ascertain what documents, if any, are responsive to Plaintiff's requests.

9    Defendants require an additional thirty days, up to and including August 5, 2024, to complete this

10   process, which also includes drafting responses, reviewing those responses with Defendants, and

11   serving those responses.  Defense counsel conferred with Plaintiff on June 27, 2024, but Plaintiff

12   declined to stipulate to Defendants' request.  (*Id.*)  Plaintiff has not yet had the opportunity to file

13   a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local

14   Rule 230(l).

15         Having considered the request, the Court finds good cause to extend the deadline for

16   Defendants to respond to Plaintiff's First Set of Requests for Production of Documents.  The

17   Court further finds that Plaintiff will not be prejudiced by the brief extension of time granted here,

18   as responses will still be received well before the deadline for completion of all discovery and no

19   other deadlines will be changed by the requested extension of time.

20   **III.     Defendants' Motion to Modify Scheduling Order**

21         Defendants also filed a motion to modify the scheduling order to extend the deadline to

22   file a pre-trial exhaustion motion.  (ECF No. 42.)  Defendants request that the Court extend the

23   July 1, 2024 deadline to file a motion for summary judgment regarding exhaustion by ninety-one

24   days, up to and including August 30, 2024.  (*Id.*)  Plaintiff has not had an opportunity to file a

25   response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local

26   Rule 230(l).

27         Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and

28   with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily

1    considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,*

2    *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot

3    reasonably be met despite the diligence of the party seeking the extension." *Id.*  If the party was

4    not diligent, the inquiry should end.  *Id.*

5           Defense counsel states that good cause supports the requested extension because upon

6    being assigned to this case, he immediately requested that his paralegal prioritize opening the case

7    and requesting Plaintiff's central file records and other relevant records that enabled counsel to

8    evaluate the first amended complaint and determine the appropriate response.  (ECF No. 42.)

9    Defense counsel has reviewed all relevant records as of June 28, 2024 and has determined that he

10   must complete Plaintiff's deposition to evaluate whether a pre-trial exhaustion motion can be

11   filed in good faith on Defendants' behalf.  Counsel is working with Plaintiff's institution to

12   schedule the deposition.  The extension of time will allow counsel time to schedule Plaintiff's

13   deposition, complete the deposition, receive the deposition transcript and evaluate Plaintiff's

14   testimony to determine if there is a good faith basis to file a pre-trial exhaustion motion, and

15   prepare and file a pre-trial exhaustion motion.  (*Id.*)

16          Having considered Defendants' motion, the Court finds good cause to grant, in part, the

17   motion to modify the scheduling order.  While Defendants were diligent in requesting Plaintiff's

18   central file and other relevant records for review, Defendants have not demonstrated the diligence

19   necessary for the full relief requested here.  Defense counsel first appeared on behalf of

20   Defendants in this action on December 15, 2023, with the filing of a motion for extension of time

21   to file a response to the first amended complaint.  (ECF No. 28.)  That extension was granted to

22   allow counsel time to "complete the review of Plaintiff's central file and administrative

23   grievances, determine a course of action, and prepare and file a response to the first amended

24   complaint."  (ECF No. 29, p. 2.)  However, defense counsel declares that he reviewed all relevant

25   records as of June 28, 2024, and has as of that date determined that Plaintiff's deposition is

26   necessary and begun the process of scheduling the deposition.  Counsel does not explain what, if

27   anything, prevented him from completing his review of the records or from determining the

28   necessity of taking Plaintiff's deposition during the four months since discovery was opened on

1   March 1, 2024.

2           Nevertheless, the Court finds it would be an efficient use of the resources of the Court and

3   the parties to address any exhaustion issues prior to reaching the merits of this action.  The Court

4   finds that an extension of sixty days is appropriate under the circumstances.  Further, the Court

5   finds that the extension granted here will not result in prejudice to Plaintiff, where the extension

6   will not affect any other existing deadlines.

7   **IV.      Order**

8           Based on the foregoing, IT IS HEREBY ORDERED as follows:

9       1.  Defendants' motion for second extension of time to respond to Plaintiff's First Set of

10          Requests for Production of Documents, (ECF No. 41), is GRANTED;

11      2.  Defendants' responses to Plaintiff's First Set of Requests for Production of Documents

12          shall be served on or before **August 5, 2024**;

13      3.  Defendants' motion to modify the scheduling order to extend the deadline to file a pre-

14          trial exhaustion motion, (ECF No. 42), is GRANTED IN PART;

15      4.  The deadline for filing motions for summary judgment under Federal Rule of Civil

16          Procedure 56 for failure to exhaust administrative remedies is extended from July 1, 2024

17          to **August 30, 2024**;

18      5.  All other deadlines and requirements set forth in the Court's March 1, 2024 discovery and

19          scheduling order, (ECF No. 34), remain in place; and

20      6.  Any request for an extension of these deadlines must be filed on or before the expiration

21          of the deadline.  However, the parties are advised that an extension of time will only be

22          granted upon a clear showing of good cause.

23

24  IT IS SO ORDERED.

25      Dated:   **July 3, 2024**                    /s/ *Barbara A. McAuliffe*

26                                          UNITED STATES MAGISTRATE JUDGE

27

28

                                            4