# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS,<br><br>    Plaintiff,<br><br>v.<br><br>ARISCO, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01266-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DEADLINE TO FILE PRE-TRIAL EXHAUSTION MOTION AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY<br>(ECF No. 44)<br><br>Discovery Response Deadline: **August 5, 2024**<br>Exhaustion Motion Deadline: **October 14, 2024** |

## I.    Introduction

Plaintiff Marquise DeAngelo Loftis ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Rosales Murillo,[1] Tienda, Diaz, and Navarro (collectively, "Defendants") for excessive force/failure to protect in violation of the Eighth Amendment (claim 2, for duration and use of triangle in cuffing); (2) Defendants Tienda and Diaz for excessive force in violation of the Eighth Amendment (claim 5, for jacking handcuffs upwards); (3) Defendant Navarro for failure to intervene in violation of the Eighth Amendment (claim 5); and (4) Defendant Navarro for retaliation in violation of the First Amendment (claim 6).  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 38.)

Pursuant to the Court's March 1, 2024 Discovery and Scheduling Order and July 3, 2024 order granting in part Defendants' motion to modify the scheduling order, the deadline for filing

---

[1] Erroneously sued as "Rosales."

1

motions for summary judgment for failure to exhaust administrative remedies is August 30, 2024, and the deadline for completion of all discovery is November 1, 2024.  (ECF Nos. 34, 43.)  Defendants were previously granted two extensions of time, until August 5, 2024, to serve responses to Plaintiff's First Set of Requests for Production of Documents.  (ECF Nos. 40, 43.)

**II.       Defendants' Motion to Modify Scheduling Order and Motion to Stay Discovery**

Currently before the Court is Defendants' second motion to modify the scheduling order to extend the deadline to file a pre-trial exhaustion motion.  (ECF No. 44.)  Defendants request that the Court extend the current August 30, 2024 deadline to file a motion for summary judgment regarding exhaustion by forty-five days, up to and including October 14, 2024.  (*Id.*)  Plaintiff has not had an opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end.  *Id.*

Defense counsel states that good cause supports the requested extension because upon being assigned to this case on November 1, 2023, he immediately requested that his paralegal prioritize opening the case and requesting Plaintiff's central file records and other relevant records that enabled counsel to evaluate the first amended complaint and determine the appropriate response.  (ECF No. 44, p. 7.)  Defense counsel has reviewed all relevant records as of July 29, 2024.  A forty-five day extension of time to file a pre-trial dispositive motion, up to and including October 14, 2024, will allow counsel time to prepare and file a pre-trial exhaustion motion on Defendants' behalf, while also accounting for his current caseload and deadlines.  Defendants further request that, in light of the forthcoming motion for summary judgment on the issue of exhaustion, all merits discovery be stayed and all pending discovery and dispositive motion deadlines be vacated.  Defendants contend that if their exhaustion motion is granted, the

case will end, and there would be no need for either party to conduct any discovery, and it would be a waste of resources to require Defendants to respond to any merits-based discovery requests. This includes Plaintiff's currently pending initial document requests, which are based on entirely on the substance of the claims in dispute. (*Id.*)

Having considered Defendants' motion, as well as Defendants' prior motion for an extension of the exhaustion summary judgment motion deadline, the Court finds good cause to grant the motion to modify the scheduling order. Defendants were diligent in requesting Plaintiff's central file and other relevant records for review, and Defendants previously required additional time to conduct Plaintiff's deposition in order to determine whether a pre-trial exhaustion motion was appropriate. (ECF Nos. 41, 43.)

However, Defendants' request to stay discovery, including their responses to Plaintiff's First Set of Requests for Production of Documents, and to vacate all discovery and dispositive motion deadlines, is denied. First, the Court finds that such a request is premature. While Defendants indicate their intent to file a motion for summary judgment on the issue of exhaustion, no motion is currently pending before the Court, and the Court cannot determine whether such a motion, if filed and if granted, would potentially dispose of the entirety of this action. If and when Defendants file an exhaustion summary judgment motion, their request to stay discovery and/or vacate the remaining discovery and dispositive motion deadlines may be renewed.

Moreover, although it may be an inefficient use of resources for Defendants to respond to Plaintiff's First Set of Requests for Production of Documents, which are alleged to be entirely merits-based, the Court notes that Defendants have already been granted two extensions of the deadline to respond to these requests. (ECF Nos. 40, 43.) Defendants' responses to Plaintiff's requests were initially due on June 3, 2024, and are currently due on or before August 5, 2024. (ECF No. 43.) In each of Defendants' prior requests to extend this deadline, defense counsel declared, under penalty of perjury, that he was diligently working with CDCR's litigation coordinator to ascertain what documents, if any, were responsive to Plaintiff's requests, and that he required additional time to draft responses, review those responses with Defendants, and serve those responses. (ECF Nos. 39, 41.) To the extent resources will be wasted in requiring

3

Defendants' timely responses to Plaintiff's discovery requests, it appears to the Court that those resources have already been expended during the nearly four months since Plaintiff's requests were first served.  In light of Defendants' repeated requests for extensions of the deadlines in this action, the Court does not find it appropriate to stay merits discovery, or further extend this deadline, in anticipation of a potentially dispositive motion that has not yet been filed.

### III.     Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' second motion to modify the scheduling order to extend the deadline to file a pre-trial exhaustion motion, (ECF No. 44), is GRANTED;
2. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is extended from August 30, 2024 to **October 14, 2024**;
3. Defendants' request to stay discovery and vacate all discovery and dispositive motion deadlines, (ECF No. 44), is DENIED, without prejudice;
4. Defendants' responses to Plaintiff's First Set of Requests for Production of Documents shall be served on or before **August 5, 2024**;
5. All other deadlines and requirements set forth in the Court's March 1, 2024 discovery and scheduling order, (ECF No. 34), remain in place; and
6. Any request for an extension of these deadlines must be filed on or before the expiration of the deadline.  However, the parties are advised that an extension of time will only be granted upon a clear showing of good cause, which will be narrowly construed.

IT IS SO ORDERED.

Dated:  **July 31, 2024**                          /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE