1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8              EASTERN DISTRICT OF CALIFORNIA

9

10   MARQUISE DEANGELO LOFTIS,            Case No.  1:22-cv-01266-BAM (PC)

11              Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                          TO COMPEL DISCOVERY
12        v.                              (ECF No. 47)

13   ARISCO, *et al.*,                    ORDER DIRECTING PARTIES TO FILE
                                          RESPONSE REGARDING READINESS FOR
14              Defendants.               TRIAL OR MOTION TO MODIFY
                                          SCHEDULING ORDER TO RESET
15                                        DISPOSITIVE MOTION DEADLINE

16                                        **THIRTY (30) DAY DEADLINE**

17

18   **I.      Procedural History**

19          Plaintiff Marquise DeAngelo Loftis ("Plaintiff") is a former state prisoner proceeding *pro*

20   *se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first

21   amended complaint against: (1) Defendants Rosales Murillo,[1] Tienda, Diaz, and Navarro

22   (collectively, "Defendants") for excessive force/failure to protect in violation of the Eighth

23   Amendment (claim 2, for duration and use of triangle in cuffing); (2) Defendants Tienda and Diaz

24   for excessive force in violation of the Eighth Amendment (claim 5, for jacking handcuffs

25   upwards); (3) Defendant Navarro for failure to intervene in violation of the Eighth Amendment

26   (claim 5); and (4) Defendant Navarro for retaliation in violation of the First Amendment (claim

27   6).  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 38.)

28   _____
     [1] Erroneously sued as "Rosales."

                                          1

Pursuant to the Court's March 1, 2024 discovery and scheduling order, the deadline for completion of all discovery was November 1, 2024.  (ECF No. 34.)

On November 4, 2024, Plaintiff filed a motion to compel discovery.  (ECF No. 47.) Defendants filed an opposition to the motion to compel on November 22, 2024.  (ECF No. 48.) Plaintiff did not file a reply brief, and the deadline to do so has expired.

Plaintiff's motion to compel is deemed submitted.  Local Rule 230(l).

**II.    Plaintiff's Motion to Compel**

In the motion to compel, Plaintiff seeks an order directing Defendants to produce documents sought by Plaintiff in his First Set of Request for Production of Documents, served on Defendants Tienda, Diaz, Rosales Murillo, and Navarro on April 18, 2024.  (ECF No. 47.) Plaintiff submitted identical Requests for Production ("RFP") Nos. 1–12 to all Defendants, and submitted RFP Nos. 13–14 to Defendant Navarro only in his specific role as a supervisor. Plaintiff contends that Defendants' August 22, 2024 responses were uniform blanket challenges, either claiming that the requests were irrelevant to the subject matter of Plaintiff's claims, that the documents are privileged and confidential, or that if given the information Plaintiff would share the information.  Setting forth the legal standards for the scope of discovery and the assertion of the official information privilege, Plaintiff argues that the declarations of P. Williams submitted in support of Defendants' responses do not properly assert the official information privilege because they do not state what documents were reviewed or if confidential files were discovered. Rather, Defendants just assert a blanket challenge of official privilege over files that were not reviewed.  Therefore, the declarant cannot state whether the disclosure would harm state interest or not, as hypothetical scenarios do not suffice.  Furthermore, the declarant fails to state whether documents exist for in-camera review by the Court.  Plaintiff asserts that all the requests for documents were calculated to lead to admissible evidence to be used at trial and stated clear timelines as to the evidence and documentation sought.  Plaintiff also declares that he met virtually with defense counsel on October 1, 2024 and mentioned the need for the discovery multiple times to no avail.  Plaintiff requests an order compelling Defendants to: identify all requested documents responsive to Plaintiff's production of documents request, turn them over to

2

1    Plaintiff, and pay for the cost of the motion to compel.  (*Id.*)

2         In opposition, Defendants argue that Plaintiff's motion is untimely, because it was not

3    filed with the Court until November 4, 2024, and although the motion is signed and dated

4    November 1, 2024, Plaintiff is a former prisoner who is not afforded the benefit of the prison

5    mailbox rule.  (ECF No. 48.)  Plaintiff admits that Defendants responded to Plaintiff's discovery

6    requests on August 22, 2024, and did not attempt to meet and confer with defense counsel or file

7    a timely discovery motion.  Defense counsel declares that while defense counsel took Plaintiff's

8    deposition by remote means on October 1, 2024, at no point on October 1, 2024 or at any time

9    before or after that day has defense counsel ever discussed discovery issues with Plaintiff.

10   Finally, Defendants argue that Plaintiff's motion to compel fails to specify which exact responses

11   are at issue or the exact reasons why Plaintiff believes the responses are deficient, leaving

12   Defendants and the Court to speculate about which responses are actually at issue.  (*Id.*)

13         **A.    Legal Standards**

14              1.    Motions to Compel

15         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

16   move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

17   37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

18   incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

19   'broad discretion to manage discovery and to control the course of litigation under Federal Rule

20   of Civil Procedure 16.'"  *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

21   *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

22         The moving party bears the burden of informing the Court: (1) which discovery requests

23   are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the

24   response is deficient; (4) why any objections are not justified; and (5) why the information sought

25   through discovery is relevant to the prosecution or defense of this action.  *McCoy v. Ramirez*,

26   2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal.

27   2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to

28   compel, and, for each disputed response, inform the court why the information sought is relevant

3

1    and why defendant's objections are not justified.").

2         In responding to requests for production, a party must produce documents or other

3    tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a).

4    Responses must either state that inspection and related activities will be permitted as requested or

5    state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable

6    inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P.

7    26(g)(1), the responding party should so state with sufficient specificity to allow the Court to

8    determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v.*

9    *McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

10        Actual possession, custody or control is not required. "A party may be ordered to produce

11   a document in the possession of a non-party entity if that party has a legal right to obtain the

12   document or has control over the entity [that] is in possession of the document." *Soto v. City of*

13   *Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at

14   *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control

15   if the party has actual possession, custody, or control thereof or the legal right to obtain the

16   property on demand.").

17                    2.    Official Information Privilege

18        Federal common law recognizes a qualified privilege for official information. *Kerr v.*

19   *U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In determining what

20   level of protection should be afforded by this privilege, courts conduct a case-by-case balancing

21   analysis, in which the interests of the party seeking discovery are weighed against the interests of

22   the governmental entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 613–14

23   (N.D. Cal. 1995); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990);

24   *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller v. Pancucci*, 141 F.R.D.

25   292, 300 (C.D. Cal. 1992); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230–31 (S.D. Cal.

26   1993).

27        Before a court will engage in this balancing of interests, the party asserting the privilege

28   must properly invoke the privilege by making a "substantial threshold showing." *Kelly*, 114

                                    4

F.R.D. at 669.  To make a substantial threshold showing of a qualified privilege, a "party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id.* The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." *Id.* at 670; *see also Chism v. Cty. of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994); *Hampton*, 147 F.R.D. at 230–31; *Miller*, 141 F.R.D. at 301.  A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden.  *Kelly*, 114 F.R.D. at 670.

If the Court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue.  If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests.  *Id.* at 671; *Chism*, 159 F.R.D. at 533–34; *Hampton*, 147 F.R.D. at 231; *Miller*, 141 F.R.D. at 301.

However, before the Court orders disclosure or an *in camera* review, the burden shifts to Plaintiff to prove: (1) how the requested information is relevant to the litigation or is reasonably calculated to lead to the discovery of admissible evidence; (2) the interest that would be harmed if the material were not disclosed; and (3) how that harm would occur and how extensive it would be.  *Kelly*, 114 F.R.D. at 670–71.

## B.    Discussion

Plaintiff's motion to compel is untimely.  The deadline for the completion of all discovery, including filing all motions to compel discovery, was November 1, 2024.  (ECF No.

34.)  Plaintiff's motion to compel does not include a proof of service, but it is signed and dated November 1, 2024, and was not received by the Court for filing until November 4, 2024.[2]  (ECF No. 49, pp. 2, 9.)  As discussed in Defendants' opposition to the motion to compel, Plaintiff filed a notice of change of address on August 5, 2024 indicating that he had been released from custody and was no longer a prisoner as of August 1, 2024.  (ECF No. 46.)  Accordingly, at the time the motion to compel was filed, Plaintiff was no longer afforded the benefit of the prison mailbox rule, and the filing of his papers would not be complete until **received** by the Clerk of the Court.  *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (emphasis added).  As Plaintiff admits that he received Defendants' responses to his discovery requests, served on August 22, 2024, (ECF No. 47, p. 1), Plaintiff also fails to provide any explanation for his failure to then file his motion to compel in time for it to be received by the Clerk of the Court on or before the November 1, 2024 discovery deadline.  Plaintiff's pro se status, without more, is not sufficient to excuse the untimely filing of his motion to compel.  "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Even assuming Plaintiff's motion to compel was timely filed, Plaintiff has not met his burden under Federal Rule of Civil Procedure 37 of informing the Court which of the discovery requests and responses are at issue.  *See McCoy*, 2016 WL 3196738 at *1.  Plaintiff may not merely put forth a blanket assertion that all of his discovery requests were appropriate and all of Defendants responses thereto were deficient, as he has done so here.  The Court will not, as Plaintiff suggests, "read all of plaintiff's PODs" to confirm Plaintiff's assertion that all of them request information relevant to all of Plaintiff's stated claims, where Plaintiff has made no effort to make any argument pertaining to any individual request.  (ECF No. 47, p. 8.)

The only specific argument raised by Plaintiff in challenging Defendants' responses is that Defendants did not appropriately assert the official information privilege because the Williams

---

[2] Federal Rule of Civil Procedure 6(d) is also inapplicable here.  Rule 6(d) provides for an additional 3 days after the expiration of a typical deadline "[w]hen a party may or must act within a specified time after being served and service is made [by mail]."  However, the deadline for filing motions to compel expired on November 1, 2024, and that deadline was not dependent on the date of service of the Court's discovery and scheduling order.

1    declaration does not state what documents were reviewed or if confidential files were discovered.

2    Plaintiff argues, therefore, that the declarant cannot state whether the disclosure would harm the

3    state interest or not, and fails to state whether documents exist for in-camera review by the Court.

4    (ECF No. 47, p. 7.)

5        Plaintiff's argument is belied by the declaration at issue. The Williams declaration

6    provides that as the Litigation Coordinator at COR, P. Williams, is familiar with the types of

7    documents kept by CDCR and the expectations of confidentiality of documents, including the

8    categories of documents requested by Plaintiff, going on to list four types of documents at issue.

9    (ECF No. 47, pp. 46, 69, 93, 116.) P. Williams then declares, "I have reviewed the documents

10   requested by Plaintiff, as described above. These documents are confidential in accordance with

11   California law for the reasons set forth below." (*Id.*) This is sufficient to demonstrate that the

12   agency collected the documents at issue in Plaintiff's requests and that P. Williams personally

13   reviewed those materials in preparing the declaration. There is no requirement that Defendants

14   identify whether documents exist for in-camera review by the Court. *See Kelly*, 114 F.R.D. at

15   670. As the Court finds that Defendants have met the threshold burden to assert the official

16   information privilege, the burden shifts to Plaintiff to prove how the requested information is

17   relevant to the litigation or reasonably calculated to lead to the discovery of admissible evidence

18   [now proportional to the needs of the case], the interest that would be harmed if the material were

19   not disclosed, and how that harm would occur and how extensive it would be. *Id.* at 670–71.

20   Again, Plaintiff's blanket assertions that all of his requests are relevant and proportional to the

21   needs of this case are not sufficient to carry this burden. Plaintiff's motion to compel is denied.

22       In light of the above finding, the Court also denies Plaintiff's request that Defendants be

23   ordered to pay the costs of filing of the motion to compel.

24   **III.    Dispositive Motion Deadline**

25       Pursuant to the Court's March 1, 2024 discovery and scheduling order, the deadline for

26   filing all dispositive motions (other than a motion for summary judgment for failure to exhaust)

27   was January 9, 2025. (ECF No. 34.) This deadline expired during the pendency of Plaintiff's

28   motion to compel. Neither party filed a request to modify the discovery and scheduling order to

7

1    stay or extend the dispositive motion deadline before its expiration.

2           In the interest of judicial efficiency, the Court finds it appropriate to direct the parties to

3    file a response indicating whether they are prepared to proceed to a trial in this matter, or to file a

4    motion to modify the scheduling order to reset the dispositive motion deadline in this action.  If a

5    party files a motion to modify the scheduling order, such motion should present good cause to

6    support the request.  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

7    604, 609 (9th Cir. 1992) (The "good cause" standard "primarily considers the diligence of the

8    party seeking the amendment.").  Any motion shall also propose a new deadline for the filing of

9    dispositive motions.

10   **IV.    Order**

11          Based on the foregoing, it is HEREBY ORDERED as follows:

12   1.  Plaintiff's motion to compel discovery, (ECF No. 47), is DENIED; and

13   2.  Within **thirty (30) days** from the date of service of this order, the parties shall file **one** of

14          the following:

15          a.  A response stating that the party does not intend to file a dispositive motion and is

16              ready for this matter to be set for trial; **or**

17          b.  A motion to modify the scheduling order to reset the dispositive motion deadline

18              in this action supported by good cause.

19

20   IT IS SO ORDERED.

21    Dated:   **May 30, 2025**                    /s/ *Barbara A. McAuliffe*

22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8