UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS,<br><br>          Plaintiff,<br><br>     v.<br><br>ARISCO, *et al.*,<br><br>          Defendants. | Case No.  1:22-cv-01266-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME/MODIFY DISPOSITIVE MOTION DEADLINE<br>(ECF No. 51)<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER REGARDING SETTLEMENT AND FILE JOINT STATUS REPORT<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Procedural Background**

Plaintiff Marquise DeAngelo Loftis ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Rosales Murillo, Tienda, Diaz, and Navarro ("Defendants") for excessive force/failure to protect in violation of the Eighth Amendment (claim 2, for duration and use of triangle in cuffing); (2) Defendants Tienda and Diaz for excessive force in violation of the Eighth Amendment (claim 5, for jacking handcuffs upwards); (3) Defendant Navarro for failure to intervene in violation of the Eighth Amendment (claim 5); and (4) Defendant Navarro for retaliation in violation of the First Amendment (claim 6).  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 38.)

///

On May 30, 2025, the Court issued an order denying Plaintiff's motion to compel discovery and directing the parties to file a response stating that the party does not intend to file a dispositive motion and is ready for this matter to be set for trial or a motion to modify the scheduling order to reset the dispositive motion deadline in this action supported by good cause. (ECF No. 49.) On June 30, 2025, Defendants filed a response indicating that they do not intend on filing a dispositive motion in this matter and believe that this matter is ready to be set for trial. (ECF No. 50.) In addition, Defendants stated that they are currently evaluating whether this matter is appropriate for settlement, as well as whether a request for referral to the Court's settlement program is also appropriate. (*Id.*)

The Court's May 30, 2025 order to Plaintiff was returned as "Undeliverable, Return to Sender, Attempted not Known, Unable to Forward" on June 18, 2025. Plaintiff's notice of change of address was therefore due on or before July 21, 2025.

On July 21, 2025, Plaintiff filed a notice of change of address and a "Motion for Extension of Time/Motion Modify Dispositive Motion Deadline." (ECF Nos. 51, 52.)

Defendants have not yet had the opportunity to file a response to Plaintiff's motion, but the Court finds a response unnecessary. Plaintiff's motion is deemed submitted. Local Rule 230(l).

## II.     Plaintiff's Motion for Reconsideration

In his motion, Plaintiff requests that the Court provide him with an extension of time to reply to the Court's order, as at the time of the order he was relocating to long term housing from transitional housing, working a job, along with other hardships, and he expected his PACER account to give him notice of any updates with this case.[1] (ECF No. 51.) Plaintiff requests that the Court reconsider the order denying his motion to compel, or in the alternative grant him a limited amount of the requested discovery. Plaintiff concedes that while he filed his motion to compel three days late because he believed he was under the mailbox rule, he made a good faith effort to timely file the motion and is requesting that the Court excuse the late filing. The Court

---

[1] Although the May 30, 2025 had been returned to the Court as undeliverable, it appears Plaintiff received a copy of the Court's order through electronic means. Nevertheless, in an abundance of caution, a copy of the order was also re-served on Plaintiff at his new address of record.

2

may reconsider this motion based on these facts and because Plaintiff is a pro se litigant. Further, it will not cause injury to the defense, while not compelling the defense to release discovery would catastrophically injure Plaintiff's case. Plaintiff requests that the Court at least grant Plaintiff the previous staff complaints filed against the relevant defendants in this action, as Defendants' refusal to turn over the complaints were meritless as a matter of law. (*Id.*)

Although Plaintiff has titled his filing as a motion for extension of time or a motion to modify the dispositive motion deadline, Plaintiff is ultimately seeking reconsideration of the Court's order denying his motion to compel. The Court therefore construes the filing as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff has not shown that reconsideration of the Court's order denying his motion to compel is warranted. Plaintiff argues only that the motion should be reconsidered because it was not grossly tardy, Plaintiff is a pro se litigant, Plaintiff's case will be catastrophically injured if the discovery is not released, and Defendants' refusal to turn over previous staff complaints were meritless as a matter of law. (ECF No. 51.) Plaintiff previously raised these arguments in his motion to compel, and the same arguments were rejected by the Court. While the Court found that the motion to compel was untimely, the Court also considered the substance of the motion and found that Plaintiff failed to meet his burden under Federal Rule of Civil Procedure 37 of informing the Court which of the discovery requests and responses are at issue. (ECF No. 49, p. 6.) Plaintiff's motion for reconsideration again relies on blanket assertions that Defendants'

3

responses were deficient and that the requested documents—now narrowed to previous staff complaints filed against Defendants—are relevant to Plaintiff's claims.  Plaintiff has thus failed to carry his burden under Rule 60(b) and has also failed to show any "new or different facts or circumstances" that would warrant reconsideration under Local Rule 230(j).  The motion for reconsideration is therefore denied.

### III. Meet and Confer Regarding Settlement

The Court's May 30, 2025 order directed that:

> . . .the parties shall file **one** of the following:
> a. A response stating that the party does not intend to file a dispositive motion and is ready for this matter to be set for trial; **or**
> b. A motion to modify the scheduling order to reset the dispositive motion deadline in this action supported by good cause.

(ECF No. 49, p. 8.)  Despite this direction, Plaintiff has not indicated whether he intends to file a dispositive motion or filed a motion to modify the scheduling order to reset the dispositive motion deadline that is supported by good cause.  Plaintiff instead requests only relief related to his motion to compel or the provision of further discovery from Defendants.  The Court therefore finds that Plaintiff has demonstrated no intent to file a dispositive motion in this action.

In light of Defendants' indication that they are considering whether this matter is appropriate for settlement, the Court directs the parties to meet and confer, either in person or by telephone or video, regarding the possibility of a settlement in this action.  The parties shall file a joint status report indicating whether this action would benefit from a Court-facilitated settlement conference before trial dates are set in this action.  <u>Electronic signatures are acceptable on the joint status report; a wet signature is not required</u>.

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time/motion to modify dispositive motion deadline, construed as a motion for reconsideration, (ECF No. 51), is DENIED;

2. The parties SHALL meet and confer regarding a possible settlement in this action; and

///

3.  Within **thirty (30) days** from the date of service of this order, the parties shall file a joint status report indicating whether this action would benefit from a Court-facilitated settlement conference before trial dates are set in this action.

IT IS SO ORDERED.

Dated: __**July 22, 2025**__          /s/ *Barbara A. McAuliffe* _
                                                   UNITED STATES MAGISTRATE JUDGE